IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

NATHAN P. DILLINGER,       )
                                 )
        Petitioner,       )
                                 )
     v.                  )    Case No.  1:23-cv-00064-AGF
                                 )
UNITED STATES OF AMERICA,  )
                                 )
        Respondent.     )

**<u>MEMORANDUM AND ORDER</u>**

This matter is before the Court on Petitioner Nathan Dillinger's motion filed through counsel under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence.  On December 20, 2021, Petitioner entered a plea of guilty to Attempted Sexual Exploitation of a Minor, in violation of 18 U.S.C. § 2251(a) and (e).  The Court accepted Petitioner's plea, and, on April 25, 2022, sentenced Petitioner to 180 months imprisonment pursuant to a binding written plea agreement.  *United States v. Dillinger*, No. 1:21-cr-00083-AGF (hereinafter, "*Dillinger*").[1]

In his motion under § 2255, Petitioner argues that his judgment and sentence should be set aside or alternatively that the Court should correct his sentence, based on alleged ineffective assistance of counsel.  As for his specific claims, in paragraphs 11–15 of his motion, Petitioner asserts that defense counsel was ineffective: (1) for failing to

---

[1] References to the underlying criminal case will be designated as "*Dillinger*, ECF No. ___."

review, apply, or discuss the evidence and the law with Petitioner, including the elements and facts necessary for a conviction; (2) for advising Petitioner to enter into a guilty plea because the guilty plea lacks the elements and a sufficient factual basis to sustain Petitioner's conviction; (3) for failing to provide Petitioner with copies of the discovery materials and the law and review them with him; (4) for providing Petitioner with poor advice on whether to take the plea or go to trial; and (5) "for failing to raise important issues during the prosecution of his case." ECF No. 1 at 1–3. As the record before the Court conclusively demonstrates that Petitioner is not entitled to relief, the Court will deny Petitioner's motion without a hearing.

## BACKGROUND

### Criminal Proceedings

On July 6, 2021, Petitioner was indicted on one count of attempted sexual exploitation of a minor, in violation of 18 U.S.C. § § 2251(a) and (e). Petitioner was initially represented by Assistant Federal Public Defender ("AFPD") Michael Skrien. On February 2, 2022, following Petitioner's guilty plea, AFPD Jennifer Booth entered her appearance on Defendant's behalf, and on that same day AFPD Skrien was permitted to withdraw. *Dillinger*, ECF Nos. 37 & 38.

### Plea Agreement and Hearing

On December 20, 2021, Petitioner pled guilty to the count in the indictment, pursuant to a binding plea agreement under Fed. R. Crim. P. Rule 11(c)(1)(C). Pursuant to the terms of the agreement, the parties agreed to a sentence of 180 months, equal to the statutory minimum sentence of fifteen years. The agreement recognized that if the

2

agreement was not accepted by the Court, Petitioner would be able to withdraw from the plea agreement.

As part of the guilty plea agreement, Petitioner stipulated to the following facts: On May 16, 2021, a woman identified as B.C., who was Petitioner's girlfriend at the time, contacted the Stoddard County Sheriff's Office. B.C. reported to law enforcement that she discovered a recording camera hidden in the bathroom ceiling of the home she shared with Petitioner. J.W., B.C.'s 12-year-old daughter from a previous relationship, was also living at the residence. Police officers subsequently searched the residence and discovered a computer in the garage that was wired to two concealed recording devices. In addition to the recording device in the bathroom ceiling, officers discovered a recording device concealed in an air conditioning vent in J.W.'s bedroom. Later that evening, investigators seized Petitioner's iPhone and obtained a search warrant to examine it. The search revealed that Petitioner's iPhone contained multiple videos capturing J.W. undressing in the bathroom and her bedroom. The videos included depictions of the minor's vagina. The devices used to record the minor were manufactured outside of the United States. *Dillinger*, ECF No. 34.

The plea agreement set out the elements for a charge of attempted sexual exploitation of a minor. It also advised Petitioner of the maximum penalties for the charge, namely, a mandatory minimum sentence of fifteen years, a maximum sentence of 30 years, and a period of supervised release of at least five years and not more than life. Also, as part of the plea agreement, Petitioner agreed "to waive all rights to contest the conviction or sentence in any post-conviction proceeding pursuant to Title 28, United

3

States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel." *Id.* at 6.

In the agreement signed by Petitioner, he acknowledged that he was fully satisfied with the representation of defense counsel; that he had "reviewed the government's evidence and discussed the government's case and all possible defenses and defense witnesses with defense counsel"; and that defense counsel had completely and satisfactorily explored all areas which Petitioner requested relative to his case and any defenses. *Id*. at 10.

At his guilty plea hearing, Petitioner stated under oath that he had read, discussed with his attorney, and understood the terms of the indictment and plea agreement; that he had reviewed the evidence with his attorney; that he understood the factual basis and the elements of the offense as applied to those facts; that he understood the rights he was giving up by pleading guilty, including all of his rights associated with his right to a trial; and that he was guilty of the crime to which he was pleading guilty. *Dillinger*, ECF No. 59 at 7–20. Notably, Petitioner stated under oath that he "fully discussed [his] charge and [his] case" with his attorney and that his attorney "reviewed with [him] the evidence that the Government ha[d] against [him] in this case." *Id.* at 7.

The Court inquired about Petitioner's satisfaction with counsel. Petitioner replied under oath that he had had enough time to confer with counsel, he was satisfied with counsel's representation, there was nothing counsel failed or refused to do, and counsel answered his questions. *Id.* at 7–11.

4

During the plea hearing, the Court conducted a thorough colloquy with Petitioner under oath to ensure that his plea was knowing and voluntary.  The Court reviewed the elements of the charge, then confirmed Petitioner's understanding of what a charge of attempt required:

> [THE COURT]:  And you understand that a person may be found guilty of an attempt of committing such a crime if, one, the person intended to engage in criminal conduct and; two, voluntarily and intentionally carried out some act which was a substantial step toward commission of the intended offense.
>
> And a substantial step must be something more than mere preparation, yet less than the last act necessary before the actual commission of the substantive crime.
>
> Do you understand that, sir?
>
> [PETITIONER]:  Yes.
>
> [THE COURT]:  And you understand, sir, that in order for you to be found guilty after a trial of the attempted sexual exploitation of a minor that the Government would have to prove that you intended to engage in the conduct [of] the three elements [of sexual exploitation of a minor] that are described above and that you voluntarily and intentionally carried out some act that was a substantial step toward committing the offense of sexual exploitation of a minor. Do you understand that, sir?
>
> [PETITIONER]:  Yes, ma'am.

*Id.* at 15–17.

Petitioner confirmed that he had reviewed the fact section of the plea agreement "very carefully."  *Id.*  The Court then summarized the facts stated in the plea agreement, and Petitioner acknowledged that everything the Court said was, in fact, true and that it reflected "what [he] did in this case."  *Id.*  The Court then further confirmed the following facts:

[THE COURT]:  Did you, in fact, conceal two cameras that were connected to a computer in the garage that were able to capture videos of the 12-year-old girl undressing both in her bedroom and the bathroom?

[PETITIONER]:  Yes.

[THE COURT]: Including depictions of her vagina?

[PETITIONER]:  Yes.

[THE COURT]:  All right. And did you know what you were doing, sir?

[PETITIONER]:  Yes.

*Id.* at 17–20.

The Court confirmed Petitioner's understanding of his waiver of rights related to a jury trial and that he had discussed with counsel the particulars of the plea, including the range of punishment. *Id.* at 7–11, 15–20, 31–34.  The Court reviewed the terms of the plea agreement with Petitioner to confirm his understanding of its provisions. *Id.*  The Court also explained the rights to appeal being waived by Petitioner's plea. *Id.* at 31–34.

Petitioner confirmed under oath that he understood all the foregoing and that his plea was not prompted by promises or coercion. *Id.* at 35.  He further confirmed that he was pleading guilty of his own free will; that he believed he was guilty of what he was pleading guilty to; and that he did not have any questions for Court. *Id.* at 36–37.

Based on the written plea agreement and Petitioner's statements under oath, the Court found that there was a factual basis for the guilty plea and that the plea was knowing, intelligent, and voluntary. *Id.* at 38.  The Court then conditionally accepted the guilty plea, advising the parties that if the Court was unwilling to abide by the terms of

the binding plea agreement, it would advise the parties prior to the sentencing date, and Petitioner would then have the right to withdraw from the guilty plea. *Id.* at 38–39.

## Sentencing Proceedings

The disclosure copy of the Presentence Investigation Report ("PSR") was filed on February 14, 2022. It described in detail some of the videos taken by Petitioner and the manner in which the videos were taken:

> A review of the defendant's cellular telephone revealed multiple videos recording two other devices, a small Bunker Hill Security screen and another small monitor located on a work bench in the garage. The two devices were used for initial recording and then used by the cellular telephone to record parts of the videos Dillinger wanted to save. Approximately 22 videos were located that were still images of twelve-year-old J.W. in her bedroom or the bathroom while she was either partially or fully nude. In addition, the following videos were located: a video taken from outside J.W.'s bedroom through an opening in the blinds of J.W. nude after removing a towel; a video taken from outside J.W.'s bedroom through an opening in the blinds of J.W. lying on her bed and appear[ing] to be touching herself in a sexual nature. The person taking the video was attempting to control their breathing and tried to focus the camera to zoom in closer; a few videos of J.W. in her bedroom, lying on her bed, [and] appearing to be touching herself in a sexual nature; a few videos following J.W. as she walked from her bedroom to the bathroom; a video of J.W. using the restroom; and two videos of [B.C.], nude, in the bathroom. In addition, several videos of eleven-year-old J.M. were located who is the friend of J.W. [The v]ideos of J.M. included videos of her undressing in the bathroom, and J.M. using the toilet wherein she was either nude or partially nude.

*Dillinger*, ECF No. 40 at 5.

The disclosure copy of the PSR also described that when the victim's mother brought to Petitioner's attention what appeared to be the lens of a camera, Petitioner indicated untruthfully that he was unable to locate anything. She then contacted own her mother, who came to the residence. While they were in the bathroom, they heard

7

footsteps in the attic and observed that Petitioner had left through an attic window.  It also described Petitioner's attempt to conceal his cell phone.  When the police arrived, he denied knowing where his cell phone was located.  But they called his cell phone and heard it vibrating in the bed of Petitioner's truck.  *Id.* at 4–5.

On February 23, 2022, AFPD Booth filed a motion to continue the sentencing.  In her motion, counsel noted that she had only recently been appointed to represent Petitioner and stated that "[t]o be well prepared to represent Mr. Dillinger as effective counsel, counsel must review Mr. Dillinger's case from the beginning and speak to Mr. Dillinger at length about his matter." *Dillinger*, ECF No. 42.  There is nothing in this record to suggest she did not do so.   The sentencing hearing was continued to April 25, 2022. *Dillinger*, ECF No. 43.

No objections were filed to the preliminary PSR.  The Final PSR, reiterating the facts included in the preliminary PSR, was filed on April 18, 2022.  *Dillinger*, ECF No. 45.  Petitioner was determined to have a total offense level of 37, and a criminal history score of zero, resulting in a sentencing guideline range of 210 to 262 months, and was subject to a mandatory minimum sentence of 180 months and a maximum sentence of thirty years. *Id.* at 13.

On April 25, 2022, Petitioner appeared for sentencing.  Consistent with the advice provided to Petitioner at the time of his plea hearing, the Court reminded the parties that it had not accepted Petitioner's guilty plea at the time of the plea hearing, but rather said it would advise counsel prior to sentencing if it was unwilling to agree to the binding agreement for a sentence of 180 months, at which time Petitioner would be given the

opportunity to withdraw from the plea agreement.  The Court advised the parties that it was in fact willing accept the plea and to be bound by the parties' binding Plea Agreement.  *Dillinger*, ECF No. 57 at 5.  The parties confirmed that they had no objections to the PSR.  *Id.*  The Court asked whether both parties had had an opportunity to review the Final PSR, and both confirmed they had.  AFPD Booth also confirmed on the record that she had reviewed the Final PSR with her client.  *Id.* at 6.  Petitioner did not voice any objection to that statement.  *Id.* at 6.  Petitioner was given the opportunity to make a statement if he wished and chose not to do so.  *Id.* at 9–10.

Pursuant to the binding plea agreement, the Court sentenced Petitioner to 180 months in prison followed by a supervised release term of life.  *Dillinger*, ECF No. 49.  The Court fully advised Petitioner of his right to appeal at the sentencing hearing.  Following the sentencing, on May 5, 2022, AFPD Booth filed a Notice of Compliance with Local Rule 12.07(A) noting that counsel had explained to Petitioner his right to appeal, and Petitioner had not requested that counsel file a notice of appeal.  *Dillinger*, ECF No. 51.  No direct appeal was filed.

## **Motion to Vacate**

On May 5, 2025, Petitioner, through retained counsel, filed this motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence.  As noted above, Petitioner asserts that defense counsel was ineffective for failures throughout the discovery and plea process.  ECF No. 1, at 1–3.  The Government responds that none of Petitioner's claims have merit.

## LEGAL STANDARD

Pursuant to 28 U.S.C. § 2255, a federal prisoner may seek relief from a sentence imposed against him on the ground that "the sentence was imposed in violation of the Constitution or law of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."   28 U.S.C. § 2255.  A petitioner's ineffective assistance of counsel claim is properly raised under § 2255 rather than on direct appeal.  *United States v. Davis*, 452 F.3d 991, 994 (8th Cir. 2006).

"To establish ineffective assistance during plea negotiations, the petitioner must show 'counsel's representation fell below an objective standard of reasonableness' and 'that such deficient performance prejudiced' the defense."  *Davis v. United States*, 858 F.3d 529, 532 (8th Cir. 2017) (quoting *Strickland v. Washington*, 466 U.S. 668, 688 (1984)).

The "deficient performance" prong requires the movant to "show that his 'counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.'" *United States v. Rice*, 449 F.3d 887, 897 (8th Cir. 2006) (quoting *Strickland*, 466 U.S. at 687).  That showing can be made by demonstrating that counsel's performance "'fell below an objective standard of reasonableness.'"  *Wiggins v. Smith*, 539 U.S. 510, 521 (2003) (quoting *Strickland*, 466 U.S. at 688).  Prejudice in this context requires the petitioner to show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

"Courts should not upset a plea solely because of *post hoc* assertions from a defendant about how he would have pleaded but for his attorney's deficiencies." *Meza-Lopez v. United States*, 929 F.3d 1041, 1045 (8th Cir. 2019) (quoting *Lee v. United States*, 582 U.S. 357, 369 (2017)). "Instead, 'judges should look to contemporaneous evidence to substantiate a defendant's expressed preferences.'" *Id.* In particular, a "defendant's representations during the plea-taking carry a strong presumption of verity and pose a formidable barrier in any subsequent collateral proceedings." *Adams v. United States*, 869 F.3d 633, 635 (8th Cir. 2017) (quoting *Nguyen v. United States*, 114 F.3d 699, 703 (8th Cir. 1997)).

## DISCUSSION

For the reasons discussed below, Petitioner fails to establish his entitlement to relief under § 2255.

As a threshold matter, Petitioner argues that his claims are subject to analysis under *United States v. Cronic*, 466 U.S. 648 (1984) rather than *Strickland v. Washington*, 466 U.S. 668 (1984). But the Court need not address this argument, as it was raised for the first time in Petitioner's Reply Brief. *Smith v. United States*, 256 F. App'x 850, 852 (8th Cir. 2007) (holding "the district court did not err in dismissing claims raised for the first time in a § 2255 reply brief"); *Dejong v. United States*, No. 13-00134-01-CR-W-DW, 2016 WL 11616218 , at *1 n.2 (W.D. Mo. Feb. 3, 2016) ("The reply appears to assert new factual and legal arguments that were not raised in the Motion. . . . Movant's new arguments are rejected . . . because they were improperly raised for the first time in her reply brief."); *Fluker v. United States*, No. 4:16-CV-00234-AGF, 2019 WL 1316967,

11

at *6 (E.D. Mo. Mar. 22, 2019) ("The Court need not address the remaining claims, raised for the first time in Petitioner's reply brief.").

Nevertheless, his argument that *Cronic* applies to and supports his claims lacks merit. Indeed, Petitioner fails to establish ineffective assistance of counsel on any theory presented. The Court will therefore deny Petitioner's § 2255 motion.

## The *Cronic* Standard Does Not Apply

Petitioner argues *Cronic* rather than *Strickland* should apply to his claims because his attorney's alleged conduct resulted in a complete failure to function as the Government's adversary. *Cronic* excuses the need to show *Strickland* prejudice under certain circumstances, including when counsel "failed to function in any meaningful sense as the Government's adversary." *Cronic*, 466 U.S. at 666–67. To meet this standard, counsel's failure must have been "complete" throughout an entire proceeding, not only at various points. *Bell v. Cone*, 535 U.S. 685, 696–98 (2002). Here, Petitioner claims that his attorney's alleged failure to properly review the evidence and analyze the *Dost* factors[2] resulted in a complete failure to function as the Government's adversary.

Petitioner was charged with Attempted Sexual Exploitation of a Minor in violation of 18 U.S.C. § 2251(a). Petitioner acknowledges that one of the elements of a completed crime of Sexual Exploitation of a Minor is that the defendant knowingly used a minor to engage in sexually explicit conduct. *See* Eighth Circuit Manual of Model Jury Instructions – Criminal 6.18.2251(A); 18 U.S.C. § 2251(a).

---

[2] *United States v. Dost*, 636 F. Supp. 828, 832 (S.D. Cal 1986), *aff'd sub nom. United States v. Wiegand*, 812 F.2d 1239 (9th Cir. 1987).

"Sexually explicit conduct," as pertinent here, includes the lascivious exhibition of the anus, genitals, or pubic area of any person.  *United States v. Johnson*, 639 F.3d 433, 437–38 (8th Cir. 2011).  "The 'lascivious exhibition' is not the work of the child, whose innocence is not in question, but of the producer or editor of the video."  *United States v. Horn*, 187 F.3d 781, 790 (8th Cir. 1999).  While mere nudity is not sufficient, "sexually explicit conduct" can be found where the defendant focuses the camera on the pubic area, *Horn*, 187 F.3d at 790, or zooms in the camera on the pubic area, *Johnson*, 639 F.3d at 440.

A person may be found guilty of Attempted Sexual Exploitation of a Minor if he intended to use a minor to engage in sexually explicit conduct and voluntarily and intentionally carried out some act which was a substantial step toward the sexual exploitation of a minor.  Eighth Circuit Manual of Model Jury Instructions – Criminal 6.18.2251(A); *Johnson*, 639 F.3d at 438.  "[A] defendant's success in attaining his criminal objective is not necessary for an attempt conviction."  *Johnson*, 639 F.3d at 439 (quoting *United States v. Bauer*, 626 F.3d 1004, 1007 (8th Cir. 2010)).  A "substantial step" is something more than mere preparation but may be less than the last act necessary to complete the crime.  *United States v. Wagner*, 884 F.2d 1090, 1095–96 (8th Cir. 1989).

Petitioner asserts defense counsel was ineffective for "fail[ing] to review the evidence in this case, including the videos containing the evidence [underlying his charge]."  ECF No. 1 at 7.  According to Petitioner, "[d]efense counsel failed to grasp the very real possibility that the video and image depictions did not satisfy the *Dost* factors and that defendant was not guilty as charged."  *Id.* at 13.  As a result, Petitioner argues

*Cronic* should apply to his claims because "[d]efense counsel entirely failed to subject the Government's evidence to adversarial testing, and therefore the adversary process is presumptively unfair and unreliable and is defective."  ECF No. 24 at 8.  This argument fails for several reasons.

First, and most fundamentally, Petitioner has not presented anything other than his unsupported and unverified contention to show that defense counsel did not review the videos at issue.  Further, this contention is contradicted by the record in the case.  Petitioner confirmed, under oath, that his attorney had in fact reviewed with him the evidence that the government had against him in the case.  While the plea agreement itself did not contain many details regarding the videos, Petitioner acknowledged he had made them on the hidden cameras he had installed, the PSR recited additional details regarding the content of the videos, and Petitioner did not object to those facts.  As such, those facts may be accepted as true.  *United States v. Vega-Iturrino*, 565 F.3d 430, 433 (8th Cir. 2009).  In this regard it is important to note that Petitioner still does not dispute that he made the videos described in the PSR and copied portions of those videos onto his cell phone.  *Thus, Petitioner knew, better than anyone, what was on the videos.*  But Petitioner did not file or voice any objections to the PSR.  At the sentencing hearing, counsel confirmed that she had reviewed the final PSR with Petitioner.  When given the opportunity to make any statement he wished to make at his sentencing hearing, Petitioner declined to make any statement.

Second, Petitioner contends in his reply brief that there was a complete failure to provide representation because counsel failed to grasp the very real possibility that the

14

images did not satisfy the *Dost* factors, and that no reasonable jury could have found him guilty beyond a reasonable doubt.  But this contention has no merit.

In *McCoy*, the Eighth Circuit, en banc, approved consideration of the six factors identified in *United States v. Dost*, 636 F. Supp. 838, 832 (S.D. Cal 1986), *aff'd sub nom. United States v. Wiegand*, 812 F.2d 1239 (9th Cir. 1987), plus two others discussed in *United States v. Arvin*, 900 F.2d 1385, 1390–92, 1390 n.4 (9th Cir. 1990), which factors are incorporated into the Eighth Circuit Model Criminal Jury Instructions:

> (1) [W]hether the focal point of the picture is on the minor's genitals or pubic area; (2) whether the setting of the picture is sexually suggestive—that is, in a place or pose generally associated with sexual activity; (3) whether the minor is depicted in an unnatural pose or in inappropriate attire, considering the age of the minor; (4) whether the minor is fully or partially clothed, or nude; (5) whether the picture suggests sexual coyness or a willingness to engage in sexual activity; (6) whether the picture is intended or designed to elicit a sexual response in the viewer; (7) whether the picture portrays the minor as a sexual object; and (8) any captions on the pictures.

*United States v. McCoy*, 108 F.4th 639, 643 (8th Cir. 2024) (en banc).  These factors are "neither definitive nor exhaustive."  *Horn*, 187 F.3d at 789.

Here, some of the factors are inapplicable, but the second, fourth, sixth, and seventh factors are met.  Many of the videos showed J.W. nude and some depicted sexual content.[3]  There were several videos that depicted J.W. in her bedroom or the bathroom, while she was either partially or fully nude.  There were some videos that showed J.W. in

---

[3] The Court has been informed that the video evidence in this case is no longer available, so the Court relies on the descriptions of the videos contained in the guilty plea agreement and PSR, the accuracy of which Petitioner has not challenged.  *See* ECF No. 1 at 9, n.1; *Dillinger*, ECF Nos. 34 & 45 (guilty plea agreement and PSR).

her bedroom, lying on her bed and touching herself in a sexual manner.  In addition to the videos recorded from the fixed cameras, Petitioner made videos from outside J.W.'s window.  In at least one of these videos, J.W. was lying on her bed and touching herself, and the person filming was attempting to control their breathing and trying to focus the camera to zoom in closer.  Petitioner's videos therefore suffice under Eighth Circuit case law for "lascivious exhibition."  *See McCoy*, 108 F.4th at 650–51 (Kelly, J. and Grasz, J., dissenting) (collecting cases).

Petitioner's argument fails for a more central reason, however.  Petitioner was not charged with the completed crime but rather was charged with attempt to complete the crime.  Here, based on the entirety of the videos, there is little question that Petitioner attempted to use J.W. to engage in sexually explicit conduct.  *See United States v. Burch*, 113 F.4th 815, 820–21 (8th Cir. 2024); *Johnson*, 639 F.3d at 440–41.

In his reply brief, Petitioner relies on *United States v. Hillie*, 39 F.4th 674, 686 (D.C. Cir. 2022).[4]  But the decision in *McCoy* was issued two years after *Hillie*, and the Eighth Circuit did not choose to follow *Hillie*.  *See McCoy*, 108 F.4th at 654–55 (Gras, J. and Strass, J. dissenting).   The approach of *Hillie* has been rejected by other courts as well.  *See, e.g., United States v. Boam*, 69 F.4th 601, 613 (9th Cir. 2023) (collecting cases); *United States v. Tatum*, No. 3:22-CR-00157-KDB-DCK, 2023 WL 3990066, at *3–4 (W.D.N.C. June 13, 2023) (collecting cases).

---

[4] Petitioner cites to the decision in *Hillie* at 14 F.4th 677 (D.C. Cir. 2021).  However, this opinion was modified on rehearing.  *See Hillie*, 39 F.4th 674 (D.C. Cir. 2022).

16

Under *Johnson*, these videos clearly suffice for the crime of Attempted Sexual Exploitation of a Minor. Many of the videos and pictures depicted J.W. partially or fully nude. Several of these videos went beyond mere nudity, depicting J.W. touching herself in what appeared to be a sexual manner. In at least one of the videos, Petitioner attempted to zoom in while J.W. was touching herself. Petitioner took the further step of copying portions of the videos onto his cell phone. And consciousness of his guilt is also shown by his behavior when the camera was discovered. As in *Burch*, there is little doubt that Petitioner "*intended* to capture an image of [the minor] lasciviously . . . and *took a substantial step* toward accomplishing this objective." *Burch*, 113 F.4th at 820 (emphasis in original); *see also United States v. Petroske*, 928 F.3d 767, 772–73 (8th Cir. 2019) (explaining elements of an attempt charge, including the defendant's intent for the videos to be of a sexual character). At the time of his plea, Petitioner confirmed under oath that he concealed two cameras that were able to capture videos of the 12-year-old girl undressing both in her bedroom and the bathroom, "including depictions of her vagina," and that he knew what he was doing. *Dillinger*, ECF No. 59, at 19–20.

Also, contrary to Petitioner's claim, the record demonstrates the conduct of his attorney did not result in a complete failure to function as the Government's adversary. The record reflects that Petitioner's attorney engaged in discovery and submitted discovery requests to the Government. *Dillinger*, ECF No. 19. Counsel thereafter negotiated a very favorable binding plea agreement on Petitioner's behalf. Further, as articulated during the plea colloquy, Petitioner stated under oath he was satisfied with his attorney's performance and that his attorney had reviewed the evidence, charge, and plea

17

agreement with him.  *Dillinger*, ECF No. 59 at 7–11, 15–20.  These facts show Petitioner did not suffer a complete failure of counsel that warrants applying *Cronic*.

Additionally, *Cronic* is traditionally only applied to the conduct of counsel at trial. *Cronic*, 466 U.S. at 659–60 (noting that in certain circumstances "a presumption of prejudice is appropriate without inquiry into the actual conduct of the trial"); *see also Wright v. Van Patten*, 552 U.S. 120, 124 (2008).  "*Strickland* ordinarily applies to claims of ineffective assistance of counsel at the plea hearing stage."  *See Wright*, 552 U.S. at 124 (citing *Hill*, 474 U.S. at 58 ("[T]he two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel")).  Thus, Petitioner's claims are properly analyzed under *Strickland*.  *Id.*

Finally, as stated above, Petitioner's motion is devoid of any specific factual allegations that show defense counsel did not, in fact, review the evidence and analyze the *Dost* factors.  Petitioner does not support his motion with any affidavit or sworn factual statement verifying that his allegations are true.  Further, following his plea but prior to the Court's acceptance of the conditional plea, a new attorney, AFPD Booth, was appointed to represent Petitioner.  That attorney obtained a continuance of the sentencing based on her assertion that she needed to review the entire record.  There is nothing whatsoever in this record to suggest that she did not do so, and Petitioner makes no specific allegations regarding AFPD Booth.

**Petitioner's Claims Fail under *Strickland***

Each of Petitioner's assertions also fail under *Strickland* as they are conclusory, plainly contradicted by the record, or lack merit under the law.

<u>Alleged Failure to Review Evidence</u>

Petitioner argues he was prejudiced by his attorney's alleged failure to review the evidence and analyze the *Dost* factors. He further contends that as a result, defense counsel failed to grasp the very real possibility that the video and image depictions did not satisfy the *Dost* factors and that defendant was not guilty as charged, further asserting that "no reasonable jury could have found him guilty beyond a reasonable doubt." ECF No. 24, at 30.

As discussed above, to succeed under *Strickland*, Petitioner must show "both that his counsel's representation was deficient[,] and that the deficient performance prejudiced the defendant's case." *Cheek v. United States*, 858 F.2d 1330, 1336 (8th Cir. 1988). With respect to prejudice, in the context of a guilty plea, Petitioner must show that but for his attorney's failure there was a reasonable probability that he would have gone to trial. *Strickland*, 466 U.S. at 687–88; *Hill*, 474 U.S. at 59. Petitioner does not to do this. Counsel only speculates that, if defense counsel had reviewed the videos and analyzed the *Dost* factors, Petitioner could have "pursue[d] a lesser charge." ECF No. 1 at 13. He vaguely argues that he might have been able to pursue a lesser charge, such as voyeurism or invasion of privacy. This is not sufficient. Further, the Government disputes it would have agreed to any such lesser charge. As such, Petitioner fails to show he was prejudiced as required by *Strickland*.

Petitioner's claim under *Strickland* also fails because there is nothing in this record to suggest that defense counsel's representation fell below an objective standard of reasonableness such that he was not functioning as counsel as guaranteed by the Sixth

Amendment.  As noted in *Strickland,* "[j]udicial scrutiny of counsel's performance must be highly deferential."  *See Strickland*, 466 U.S. at 689.  Here, defense counsel engaged in discovery and negotiated a favorable plea agreement for Petitioner, who received the statutory minimum sentence.  *Dillinger*, ECF Nos. 19 & 34; 18 U.S.C. § 2251(e). Petitioner got a substantial benefit from his plea, including an agreed range of sentence well below the 30-year maximum and also below the low end of the sentencing guideline range.  Petitioner also got the benefit of certainty, as the sentence would be binding on the Court if accepted, and Petitioner would be allowed to withdraw his guilty plea if the Court rejected it.

There is also no proper factual basis for Petitioner's claims.  Petitioner's assertions are not supported by specific sworn factual allegations or affidavit that show defense counsel did not review the evidence or analyze the *Dost* factors.  Moreover, given the nature of the videos, which are not disputed by Petitioner, there is no reason to accept Petitioner's unsupported supposition that defense counsel did not understand or properly analyze the *Dost* factors.

Petitioner also makes much of his claim that counsel did not provide the evidence to him[5] or review the evidence with him.  But Petitioner does not dispute that he created the videos and copied portions of them onto his cell phone.  He was therefore intimately familiar with what was on the videos.  Nowhere does he dispute the accuracy of the description of the videos or his conduct in creating them as detailed in the PSR.  And as

---

[5] As Petitioner acknowledges, as a matter of course, the Government does not reproduce and provide copies of child pornography to defendants.

stated above, his unsupported claims that counsel failed to review the videos and failed to review the evidence with him are contradicted by both by his representations in the written plea agreement and his representations to the Court.  At the plea hearing Petitioner stated under oath that he was satisfied with his counsel's representation; that there were no questions he had that his counsel had not answered; that there was nothing he asked his counsel to do that counsel had not done; that counsel had reviewed with him the evidence that the Government had against him; that he had read, discussed with his attorney, and understood the terms of the plea agreement; and that he was guilty of the crimes to which he was pleading guilty.  *Dillinger*, ECF No. 59 at 7–11, 15–20.

Finally, as discussed above, the evidence against Petitioner for attempted sexual exploitation of minor was quite strong.

<u>Alleged Insufficiency of the Plea Agreement</u>

Petitioner claims his attorney was ineffective because there was an insufficient factual basis for the plea agreement and the plea agreement lacked the elements to sustain his offense.  Again, Petitioner argues that his defense counsel was ineffective because the plea agreement does not reference or apply the *Dost* factors to the elements and facts of Petitioner's case.  Petitioner also claims that without properly applying the *Dost* factors to his case, it was impossible for his attorney to conclude whether the Government could have proven its case.  As such, Petitioner argues he was not fully advised of his rights, and thus, his conviction cannot stand.

The Eighth Circuit has held that an attorney's representation does not fall below an objective standard of reasonableness when he determines that there is a factual basis

for a plea based on the summarization of the plea agreement, the language of the plea agreement itself, and the petitioner's colloquy with the district court during the plea-taking process. *See e.g.*, *Meza-Lopez*, 929 F.3d at 1045.  Petitioner's claim fails for numerous reasons.  First, the plea agreement sufficiently sets out a factual basis for the plea.  *Dillinger*, ECF No. 34 at 3.  And at his plea colloquy, Petitioner confirmed that he had sufficiently reviewed those facts with his attorney, he understood them as recited by the Court, and he was guilty of the acts described.  *Dillinger*, ECF No. 59 at 7–11, 15–20.

Second, Petitioner pled guilty to Attempted Sexual Exploitation of a Minor.  As the Eighth Circuit stated in *Petroske*, the elements of attempt are "intent to commit the predicate offense" and "conduct that is a substantial step toward its commission." *Petroske*, 928 F.3d at 773 (quoting *United States v. Young*, 613 F.3d 735, 742 (8th Cir. 2010)).  Because Petitioner's crime was a crime of attempt, it does not inherently require an inquiry into whether the *Dost* factors are satisfied.  *United States v. Chastain*, 979 F.3d 586, 593 (8th Cir. 2020) ("By its own terms, an attempt crime does not require the commission of the underlying felony."); *United States v. Nguyen*, 829 F.3d 907, 917 (8th Cir. 2016) ("In attempt cases, a defendant may be convicted regardless of whether the attempt is successful.").

The plea agreement sufficiently recites and applies the elements of attempted sexual exploitation of a minor to the factual basis.  The Court reviewed each of the elements of attempted sexual exploitation of a minor with Petitioner at his plea. Petitioner stated under oath that he understood that in order to be found guilty after a trial, "the Government would have to prove that [he] intended to engage in the conduct"

22

of sexual exploitation of a minor, described above in the plea agreement, and that he "voluntarily and intentionally carried out some act that was a substantial step toward committing the offense of sexual exploitation of a minor." *Dillinger*, ECF No. 59, at 16. Petitioner thereafter specifically acknowledged that he in fact concealed the two cameras that were connected to a computer in the garage, which were able to capture videos of the minor undressing in both her bedroom and the bathroom, including depictions of her vagina, and that he knew what he was doing. *Id.* at 19–20. These facts are sufficient to support a charge of attempted sexual exploitation of a minor.

<u>Allegation the Plea Was Not Knowing and Voluntary</u>

 Petitioner claims that his attorney was ineffective because his attorney's aforementioned alleged failures and poor advice rendered Petitioner's plea not voluntary, knowing, or intelligent. But this argument fails for similar reasons.

For a guilty plea to be constitutionally valid, it must be voluntary, knowing, and intelligent. *Bousley v. United States*, 523 U.S. 614, 618 (1998). A plea may be found to have been involuntarily, unintelligently, or not knowingly given if a petitioner can show the plea was a result of ineffective assistance of counsel. *Hill*, 474 U.S. at 56; *Tollett v. Henderson*, 411 U.S. 258, 264–69 (1975) (holding a defendant who has pleaded guilty may attack the voluntary and intelligent nature of the plea if he did not receive "reasonably competent advice"); *DeRoo v. United States*, 223 F.3d 919, 924 (8th Cir. 2000) (recognizing that at a plea agreement may not be knowing and voluntary when it is the result of the ineffective assistance of counsel). However, a defendant's

23

representations during plea-taking carry a strong presumption of verity.  *Nguyen v. United States*, 114 F.3d 699, 703 (8th Cir. 1997).

When a defendant chooses to plead guilty after receiving advice from his counsel, the voluntariness and intelligence of the plea depend "on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases."  *Brewer v. Iowa*, 19 F.3d 1248, 1250 (8th Cir. 1994) (quoting *Hill*, 474 U.S. at 56); *Davis v. Norris*, 423 F.3d 868, 877 (8th Cir. 2005) ("To satisfy this prong [the movant] must overcome the strong presumption that his counsel's conduct fell within the wide range of reasonable professional assistance.").

Here, Petitioner again argues that his attorney's failure to sufficiently review the evidence and analyze the *Dost* factors resulted in his attorney failing to provide him with proper advice on whether to plea or go to trial.  As a result of this alleged poor advice, Petitioner claims his plea was neither intelligent nor voluntary.

As set forth above, however, Petitioner provides no basis whatsoever for his assertion that counsel did not review the evidence.  Nor is there any reason to believe that counsel, who was an experienced federal public defender, did not understand the *Dost* factors.  Petitioner's further claims that no jury could have found Petitioner guilty beyond a reasonable doubt simply has no merit.

In *Johnson*, a weightlifting coach surreptitiously videotaped minor females weighing themselves.  They weighed themselves while nude, at the defendant's direction. The camera was pointed at the scale, and "the camera angle was such that in many of the video clips, when the minors were on the scale, the frame encompassed their nude bodies

24

from their shoulders to below their knees." *Johnson*, 639 F.3d at 440–41. Like Petitioner, the parties argued on appeal that the videos were not lascivious under the *Dost* factors. The Eighth Circuit rejected this argument. The Court found that the parties' "emphasis on whether or not the videotapes themselves are actually lascivious is somewhat misplaced. The case was submitted to the jury only on an attempt theory. '[A] defendant's success in attaining his criminal objective is not necessary for an attempt conviction.'" *Id.* at 439 (quoting *United States v. Bauer*, 626 F.3d 1004, 1007 (8th Cir. 2010)).

The facts here are much stronger than in *Johnson*. Here, cameras were placed both in the bedroom and the bathroom. In addition to the fixed cameras, Petitioner filmed the minor from outside her bedroom window. Some of the videos focused on the vaginal area; some showed the minor touching herself in a suggestive manner; and in one such video, the Petitioner attempted to zoom in. Petitioner thereafter created video clips from these videos for his cell phone. Thus, any argument that counsel must not have understood the *Dost* factors or that Petitioner was prejudiced by any advice to enter a guilty plea simply has no merit. And the plea colloquy demonstrates that Petitioner clearly understood the consequences of pleading guilty as compared to proceeding to trial.

Counsel's performance here did not fall "'below an objective standard of reasonableness.'" *Wiggins*, 539 U.S. at 521 (2003) (quoting *Strickland*, 466 U.S. at 688). This is especially true considering the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.

The record and Petitioner's statements during the plea colloquy reflect that the plea was voluntarily, knowingly, and intelligently given.  Petitioner has not demonstrated that his defense counsel provided ineffective assistance and, therefore, this claim must fail.

Alleged Failure to Raise Important Issues

Petitioner further asserts that counsel was "ineffective for failing to raise important issues during the prosecution of his case."  ECF No. 1, at 3. Petitioner has not explained what important issues his counsel should have raised, or how they would have affected Petitioner's decision to plead guilty, so as to demonstrate prejudice.  To the extent Petitioner is asserting that his attorney should have analyzed and potentially raised the *Dost* factors, that claim fails for the reasons stated above.  To the extent Petitioner is asserting that counsel should have taken other unspecified actions prior to or in connection with the sentencing, to permit Petitioner to withdraw his plea, the claim also fails.  This is especially so as Petitioner obtained a significant benefit from the plea agreement, and he did not object to the facts, or the description of the videos set forth in the PSR and still does not contest these facts.  Moreover, as with the other claims, this contention is contradicted by Petitioner's representations during his plea colloquy. The colloquy reflects Petitioner was satisfied with counsel's performance at the time he waived his pretrial motions and at the time of the plea regarding counsel's actions. *Dillinger*, ECF No. 59 at 7–11, 15–20, 32–33.

**Evidentiary Hearing**

An evidentiary hearing is not warranted in this case as "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  *See*

28 U.S.C. § 2255(b).  No hearing is required "if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Hudson v. United* States, 139 F.4th 1011, 1014 (8th Cir. 2025) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995).  Petitioner is not entitled to a hearing as he provides no factual support whatsoever for his allegations. *See Hudson*, 139 F.4th at 1014–15 (holding no hearing was required where petitioner did not provide a sworn affidavit or other evidence, nor point to anything in the record that would provide support for his claim); *Brown v. United States*, 178 F. App'x 590, 591 (8th Cir. 2006) (affirming denial of § 2255 motion without a hearing when the petitioner relied on "two unsworn affidavits for his factual allegations supporting his claim of ineffective assistance . . . ."); *Crutcher v. United States*, 2 F. App'x 658 (8th Cir. 2001) (reversing a grant of § 2255 when the petitioner offered "no sworn factual support for his bare assertion" and the petitioner's "affidavit omits mention of the circumstances surrounding" his claims); *Hangman v. United States*, No. CR23-4048-LTS, 2025 WL 2434236, at *4 (N.D. Ia. Aug. 22, 2025).  The Court therefore will not hold an evidentiary hearing in this matter.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Nathan Dillinger's motion filed under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence is **DENIED**.

**IT IS FURTHER ORDERED** that this Court will not issue a Certificate of

Appealability as Petitioner has not made a substantial showing of the denial of a federal

constitutional right as required by 28 U.S.C. § 2253(c)(2).

    A separate Judgment shall accompany this Memorandum and Order.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 12th day of December, 2025.